



**FILED**
1/27/2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Reginald Love K51286

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Salvador Godinez, Debbie Knauer,

Michael Lemke, Michael Magana,

Hunter, McGarvey,
Anna McBee, Donald Williams,

John Sievers, Tarry Williams

And (unknown) John Does ✱

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case N          
(To be

15-cv-11549
Judge Amy J. St. Eve
Magistrate Judge Daniel G. Martin
PC4

**RECEIVED**

DEC 2 1 2015
12-21-15 EAG
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CHECK ONE ONLY:

_____ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____ OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

✱ The first and full names of Defendants Hunter and McGarvey along with property officers and
maintenance personnel are unknown to Plaintiffs at this time, but will be forthwith provided to
this court as soon as reasonably possible upon discovery thereof.

I.    Plaintiff(s):

    A.    Name: Reginald Love

    B.    List all aliases: NONE

    C.    Prisoner identification number: K51286

    D.    Place of present confinement: Stateville Correctional Center

    E.    Address: Joliet, Il. 60434    Box 112

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.   Defendant(s):
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

    A.    Defendant: Salvador Godinez

        Title: (FORMER) Director

        Place of Employment: Illinois Department of Corrections (IDOC)

    B.    Defendant: Debbie Knauer Knauer

        Title: (Member) Administrative Review Board

        Place of Employment: Illinois Department of Corrections

    C.    Defendant: Michael Lemke

        Title: (FORMER) Warden

        Place of Employment: Illinois Department of Corrections

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

D. Defendant: Michael Magana
   Title: (Former) Warden
   Place of employment: IDOC

E. Defendant: Hunter
   Title: Major
   Place of employment: Stateville Correctional Center

F. Defendant: McGarven
   Title: (Former) Major
   Place of employment: Stateville Correctional Center

G. Defendant: Anna McBee
   Title: Grievance Officer
   Place of employment: Stateville Correctional Center

H. Defendant: Donald Williams
   Title: Lieutenant
   Place of employment: Stateville Correctional Center

I. Defendant: John Stevens
   Title: Sargeant
   Place of employment: Stateville Correctional Center

J. Defendant: Tarry Williams
   Title: (Former) Warden
   Place of employment: Stateville Correctional Center

III.   List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.   Name of case and docket number: Reginald Love vs Charles Best, etal, No. 14 MR 820

B.   Approximate date of filing lawsuit: April 14, 2014

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: Reginal Love

D.   List all defendants: Charles Best, Cynthia Harris, Michael Lemke, Debbie Knauer, Salvador Godinez and Anna McBee

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): 12 th Judicial Circuit, Will County

F.   Name of judge to whom case was assigned: Honorable Cory D. Lund

G.   Basic claim made: Mandamus Petition (denial of due process in disciplinary hearing)

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Pending

I.   Approximate date of disposition: unknown

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

NOW COMES Plaintiff, Reginald Love, Pro Se, and in support of his Complaint States as follows:

1. This Cause is brought due to callous indifference to the safety of a Ward of the State. Defendants have a duty to provide Plaintiff Reginald Love with somewhat decent living conditions. Despite being aware, Defendant's acting under color of law impose conditions upon Plaintiff that deprive him of basic human needs (see, exhibits a, a.1 and a.2) each foreseeable and preventable, subjecting him to substantial physical risk and psychological trauma amounting to cruel and unusual punishment.

2. The current cells in F-House, where Plaintiff is assigned, require Plaintiff to insulate his cell during inclimate weather by tearing strips from his bath towel, spreading toothpaste upon those and jamming them between the window frame and building. Toilets and sinks are in constant disrepair requiring inmates from all galleries to get officers permission, and at their discretion, to be taken outside the cell to attend those basic needs.

3. In addition, Defendants have retaliated against the Plaintiff for his attempt to employ the IDOC grievance process in accordance with regulations governing inmates.

4. Plaintiff Reginald Love brings this complaint pursuant to 42 U.S.C. § 1983 and the laws of the State of Illinois to redress these violations including those under the First, Eight and Fourteenth amendments to the United States Constitution. Plaintiff also brings claims for prospective injunctive relief against Defendants in their official capacities to remedy ongoing violations of federal law.

5. Plaintiff Love seeks compensatory and punitive damages from the Defendants; a judgement declaring the Defendants' acts unconstitutional, and a permanent injunction prohibiting Defendants from otherwise endangering his health and safety, and requiring them to timely process his grievances.

JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (a). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (a).

7. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 (b) (2) because Plaintiff resides at Stateville Correctional Center (Stateville) which is located in this District and all of the events giving rise to Plaintiff's claims occurred in this District.

The Parties

8. Plaintiff Reginald Love is an inmate currently incarcerated by the IDOC at the Stateville Correctional Center (Stateville) in Crest Hill, Illinois. He was born May 13, 1976 and is 38 years old. Plaintiff has been incarcerated for 15 years.

9. Defendant Salvador Godinez was, at all times pertinent to the allegations in this complaint, Director of the IDOC and responsible for day-to-day operations of the IDOC. He is responsible for the organization and supervision of all state-run correctional facilities in Illinois and for the final disposition of all inmate grievances. He has personal firsthand knowledge of the allegations described herein. Defendant Godinez is sued in his individual and official capacities.

10. Defendant Debbie Knauer was a member of the IDOC's Administrative Review Board, at all times pertinent to the allegations in this complaint. She was responsible for

conducting all inmate grievances and appeals and submitting reports and recommendations to the IDOC Director for the final disposition of such appeals. She has personal firsthand knowledge of the allegations in this complaint. Defendant Krueger is sued in her individual and official capacities.

11. Defendant Michael Lemke was, between July 24, 2013 and July 24, 2014 one of the wardens of Stateville Correctional Center. Being pertinent to the allegations in this complaint and responsible for the dispositions of all grievances filed by the inmates at that facility. He had personal firsthand knowledge of the allegations in this complaint and, despite such knowledge, has failed to remedy the widespread practices described herein. Defendant Lemke is sued in his individual and official capacities.

12. Defendant Michael Magana was, at times pertinent to the allegations in this complaint between July 24, 2013 and July 24, 2014 one of the wardens at Stateville Correctional Center and responsible for the disposition of all inmate grievances filed at the facility. He had personal firsthand knowledge of the allegations in this complaint and, despite such knowledge failed to remedy the widespread practices described herein. Defendant Magana is sued in his individual and official capacities.

13. Defendant                Hunter was, at all times pertinent to the allegations in this complaint a correctional major in F house of Stateville Correctional Center. He has personal firsthand knowledge of the allegations in this complaint. Defendant Hunter is sued in his individual and official capacities.

14. Defendant                McGarvey was, at times pertinent to the allegations

in this complaint a correctional major in F House of Stateville Correctional Center. She has personal firsthand knowledge of the allegations in this complaint. Defendant McGarvey is sued in her individual and official capacities.

15. Defendant Anna McBee was, at all times pertinent to the allegations in this complaint the Grievance Officer at Stateville Correctional Center. She was responsible for evaluating all inmate grievances and appeals and submitting reports and recommendations to the Warden for the final disposition of such appeals. She has personal firsthand knowledge of the allegations in this complaint. Defendant McBee is sued in her official capacity.

16. Defendant Donald Williams was, at all times pertinent to the allegations in this complaint a correctional Sargeant in F House (and Lieutenant) of the Stateville Correctional Center. He has personal firsthand knowledge of the allegations in this complaint. Defendant Williams is sued in his official capacity.

17. Defendant John Sievers was, at all times pertinent to the allegations in this complaint a correctional Sargeant in F House of the Stateville Correctional Center. He has personal firsthand knowledge of the allegations in this complaint. Defendant Sievers is sued in his official capacity.

18. Defendant Tarry Williams was, at times pertinent to this complaint between July 24, 2013 and June 30, 2015, one of the Wardens (Chief Administrative Officer) at Stateville Correctional Center and responsible for the disposition of all inmate grievances filed at the facility. He has personal firsthand knowledge of the allegations in this complaint and, despite such knowledge failed to remedy the widespread

practices described herein. Defendant Williams is sued in his individual and official capacities.

## Factual Allegations

19. Plaintiff Love, while at Stateville Correctional Center has been housed in condemn cells with massive infestation of cockroaches, inadequate insulation during inclimate weather with the totality of such conditions creating an overall effect that is unconstitutional.

20. Stateville Correctional Center is a level-1 maximum security facility maintained by the Illinois Department of Corrections (IDOC) in Crest Hill, Illinois.

21. Constructed in early nineteen hundred F Cellhouse is designated an historical landmark in the Illinois Registry. Upon information and belief more than 50 % of toilets, windows and heaters do not function.

22. Plaintiff has primarily been housed in these cells since July 29, 2013 with sinks and toilets in disrepair during spring and summer, no warmth in winter and fall, while cockroaches abound near round in every natural, proper and normal area of the cell. Upon information and belief, five to seven months will elapse before exterminating occurs with watered-down chemicals.

23. In particular, between November 1, 2013, and mid December 2613 during a typical cold winter, Defendants Sievers, McCarven and Donald Williams had knowledge Plaintiff was in cell 219 with a window without a lock, falling as much draught in the

cold.

24. Conditions only became worst upon Plaintiff being placed in cell 224 as the winter deepen's into an arctic freeze. (See, exhibit. a).

25. On several different occasions between November 1, 2013, and June 2015 Defendants Godinez, Lemke, Magana and Tarry Williams (Stateville had a high turnover rate for Chief administrative officers[*]) would tour and inspect the cells and cellhouse, with Defendant Magana once entering, shaking down and ordering disciplinary reports written for contraband found, within the cell.

26. With the Arctic freeze bringing temperatures to -27 below zero Plaintiff submitted written request to unknown personal property officers for winter thermal wear and heavy sweat pants and shirt stored in Plaintiff personal belongings, which were denied. Plaintiff had to use a blanket tied to the window bars after taping plastic bags across the window with deodorant labels. Still, thick layers of ice froze to the walls on all sides of the window inside the cell. See, (exhibit. a).

27. Between January 3rd and 10th, 2014 Defendant McGarvey was repeatedly made aware Plaintiff was living in a frostly cold cell without appropriate garments. See, (exhibit. a). Defendant McGarvey did nothing to intervene.

---

[*] Defendants Lemke Magana and Williams were all Chief administrative officials, respectively. Between July 24, 2013 and June 30, 2015, at Stateville correctional center.

28. On January 6, 2014, with the temperature - 11 below zero Plaintiff told Defendants Sievers and Donald Williams that the cold inside the cell was a danger, causing his lips and fingers to tremble and shake in the cold freezer like cell while the meagre warmth from a 2 1/2" heater below the window only simmered.

29. Defendants said they would attempt to contact unknown Maintenance personnel. No one intervened. See, (exhibit-a).

30. Defendants Hunter, Martinez, Lenear, Morana, McGarvey, Donald Williams, Sievers and Tarry Williams, entered F-House and it's cell, between July 21, 2013, and June 30, 2015. Well aware of the deplorable conditions in which they confined Plaintiff, inundated with cockroaches falling from the light structure upon Plaintiff while he ate or slept, coming from the electrical outlet, countertop and bed fixture throughout the year, while enduring tropical cold winter and deep arctic freeze without proper garments, heating and building maintenance. See, (exhibits (a, a-1 and a-2).

30. Defendant Hunter (a Major in F-House) was an official who held complete sway over every aspect of Plaintiff's residence, and all inmates stay in F-House. (library, schedule, recreation and education and barber services, ect.) personally escorting the counselor to Plaintiffs and every other inmates cell, when concerns were presented regarding living conditions and services. See, (exhibit-1-B).

32. Upon information and belief (islaw a-80739) was among inmates given disciplinary reports for creating major disturbances, when calling out for attention to use the washroom in the early morning because there was no functioning toilet or sink within the cell.

33. Pending in the Northern District, upon information and belief, is the claim of (Boclair A. 60451) living under conditions in F-House being compelled to empty urine and feces out the window because the toilet facilities were in disrepair.

34. Defendant Hunter currently oversees unchanged conditions in F-House.

35. Plaintiff submitted a grievance on January 14, 2014, regarding his living conditions through the normal process with his counselor. See, (exhibit A).

36. On January 23, 2014, Plaintiff's counselor responded by among other things "to keep food items "covered." See, (exhibit A).

37. Plaintiff submitted his counselor's RESPONSE to the Grievance Officer on January 23, 2014, who acknowledged receipt on February 4 2014. See, (exhibit B).

38. Without any practical response given to the serious concerns of Plaintiff's living conditions by Stateville prison under the grievance process (20 Ill. adm. code Section 504. 830 (d)) Plaintiff submitted a grievance directly to the Administrative Review Board whose member, Defendant Debbie Knauer, essentially instructed Plaintiff to obtain that which Plaintiff complained prison grievance officer would not comply with within the provisions. See, (exhibit A).

39. On July 7, 2014, Grievance Officer Defendant anna McBee, five months after Plaintiff submitted his January 14, 2014, grievance, responded with Report #C384 taking no action. See, (exhibit A).

40. On July 8, 2014, Defendant Tarry Williams concurred with taking no action in regard to the living conditions under which the Plaintiff was confined in F-House. See, (exhibit-h).

41. On July 17, 2014, the Administrative Review Board received grievance #384 submitted by Plaintiff and, on January 27, 2015 Defendant Debbie Knauer recommended grievance #384 be denied, stating it was appropriate for the prison to take no action. See, (exhibit-d).

42. On January 30, 2015, Defendant Salvator Godinez concurred with the denial of Plaintiff grievance #384. See, (exhibit-d).

43. In the manner described above in paragraphs 35-42 Plaintiff exhausted his requirements in the grievance process.

44. Despite regulations governing the IDOC's grievance process, the actual grievance process at Stateville is not employed to provide an effective way for inmates to have their serious concerns and complaints addressed by IDOC officials. Officials prefer to deny, delay and disregard sensitive time procedures that legitimately impact circumstances. Defendants refusal to acknowledge and failure to respond adequately to Plaintiffs grievances is part of Defendants ongoing custom and practice against Plaintiff and, on information and belief, other inmates, to deny redress to the court.

CLAIMS FOR RELIEF

Count I

(against all Defendants)

Infliction of Cruel and Unusual punishment in violation
of the eight Amendment by intentionally Housing
Plaintiff in Condemn Cells.

45. Plaintiff Repeats and Realleges paragraphs 1 through 44 as Literally Set forth Herein.

46. Defendants acted with deliberate indifference to deprive Plaintiff of basic Human needs in his living Conditions.

47. By housing Plaintiff in known Condemn Cells where and arctic freeze held temperatures in Minus double-digit below zero from January 3, 2014 until January 10, 2014, and extreme Cold inundated the air throughout the portion of the fall and winter (2013-2014), while Massive infestation of Cockroaches Constantly prevailed in a totality of Conditions from July 24, 2013, and presently, Defendants acted with deliberate indifference to known and Serious Risk for injury then and in the future, Because of Defendant Reckless disregard of Plaintiff living Conditions Plaintiff Continues to Suffer deep psychological trauma, deprivations of Shelter and basic Human needs.

48. The Reckless disregard of Defendants for Plaintiff's Safety, under color of law and without justification, Constituted deliberate indifference to an objectively Serious and Subjectively known danger posing a Substantial Risk of Serious harm to Plaintiff and amounts to Cruel and unusual punishment in violation of the eight and fourteenth amendments to the

United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Respectfully Request the following Relief:

a. General damages against each Defendant, jointly and severally, in an amount not less than $20,000.00 each.

b. An award of punitive damages against each individual Defendant in an amount appropriate to punish each individual and deter others from engaging in Similar Misconduct;

c. Attorneys fees, cost, and expenses as authorized by 42 U.S.C. § 1983 and as otherwise authorized by statute and law;

d. A permanent injunction prohibiting Defendants from exposing Plaintiff to deprivations of Shelter and otherwise provide him Safe and Somewhat decent living conditions;

e. Any other relief that this court may deem just and proper.

### Count II

(against all Defendants)

infliction of cruel and unusual punishment in violation of the Eight Amendment by intentionally ignoring the

threats and risk of depriving Plaintiff of shelter

49. Plaintiff repeats and realleges paragraphs 1 through 48 as though fully stated herein.

50. Defendants acted with deliberate indifference to known and substantial risks to Plaintiff by repeatedly denying and ultimately refusing to give Plaintiff adequate clothing, shelter and protection from housing in constant condemn cells and the assault of a rental winter with a deep Arctic freeze.

51. As a direct result of Defendants' non action, Plaintiff is currently housed in cells of massive roach infestation, inadequate toilet facilities requiring permission to leave cell, along with inoperable windows and heaters for winter and fall.

WHEREFORE, Plaintiff respectfully request the following relief:
   a. General damages against each Defendant, jointly and severally, in an amount not less than $20,000.00 each.

   b. An award of punitive damages against each individual Defendant in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct;

   c. Attorneys fees, cost and expenses as authorized by 42 U.S.C. § 1988 and as otherwise authorized by statute or law;

d. a permanent injunction prohibiting Defendants from otherwise knowingly exposing Plaintiff to reasonably forseeable dangerous living conditions;

E. any other relief that this court may deem just and proper.

## Count III

(against Defendants Godinez, Knauer, Lemke, Magana, McBee and Larry Williams)

Denial of Due Process in violation of the Fourteenth Amendment

52. Plaintiff repeats and realleges paragraphs 1 through 51 as though fully stated herein.

53. As described herein, Defendants repeatedly either failed to respond to, denied or refused Plaintiffs grievances and appeals for arbitrary, inaccurate and unfounded reasons. Defendants Actions violated provisions of the Illinois administrative code setting out rules for handling inmate grievances, including but not limited to 20-Ill. adm. code §§ 504. 830, 504. 840 and 504. 850.

54. Defendants have denied Plaintiff the right to convenient decent living conditions, as described above, in violation of regulations including but not limited to 20 Adm. code 504. 830 (d). The Administrative Review Board and Director Godinez both did nothing respecting

Plaintiff's deprivations in his living conditions. (exhibit d). and (c).

. . . .

55. These actions and inactions constitute denials of procedural due process guaranteed to Plaintiff by the fourteenth amendment to the constitution and 42 u.s.c. § 1983.

WHEREFORE, Plaintiff respectfully request the following relief:

a. General damages against each defendant, jointly and severally, in an amount not less than $ 20,000.00 each.

b. an award of punitive damages against each individual Defendant in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct,

c. attorney's fees, cost and expenses as authorized by 42 u.s.c. § 1988 and as otherwise authorized by statute and law;

d. a permanent injunction prohibiting Defendants from preventing Plaintiff the exercise of his rights and requiring Defendants to receive and promptly process Plaintiff grievances.

e. any other relief that this court may deem just and proper.

### Count III

(against Defendants Godinez, Kramer, Lemke, Magana, McGee and jane williams)

Retaliation in violation of the First and Fourteenth Amendments

56. Plaintiff restates and realleges paragraphs 1 through 55 as if fully set forth herein.

57. Plaintiff exercised his right to file grievances for the redress of injuries and wrongs experienced while in the custody of (IDOC) including grievances describing Defendant's deliberate indifference to his safety and well being and the lack of efficacy of certain (IDOC) officials in dealing with dangers to his safety. Plaintiff's grievances and complaints addressed matters of public concern.

58. Because these grievances created a record of Defendants' unlawful acts and because Defendants refused to timely process or make the effort to adequately investigate and act upon Plaintiff's grievances and complaints, Defendants retaliated against Plaintiff by thwarting and/or ignoring Plaintiff's grievance despite their knowledge that Plaintiff would likely suffer serious harm if not protected.

59. Plaintiff's grievances and complaints are protected by the First Amendment and Defendants' conduct is designed to deter Plaintiff and others from exercising their First Amendment rights in the future. Defendants means of retaliation — removing and returning Plaintiff to condemn cells — would deter a person of ordinary firmness from exercising his rights.

60. Plaintiff's filing of grievances constituted a substantial motivating factor for Defendants retaliation, which violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Respectfully Request The following Relief;

a. General damages against each individual Defendant, jointly and severally, in an amount not less than $ 20,000.00 each.

b. An award of punitive damages against each individual Defendant in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct:

c. Attorneys fees, cost and expenses as authorized by 42 U.S.C. § 1988 and as otherwise authorized by Statute and law.

d. A permanent injunction prohibiting Defendants from retaliating against Plaintiff for exercising his rights, requiring Defendants to allow and not thwarth the timely processing of Plaintiffs grievances in accordance with Illinois law and grant Plaintiff a safe and consonant decent living environment.

e. Any other relief that this Court may deem just and proper.

## Count IV
(against all Defendants)
willful and wanton negligence

61. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 60 as though fully set forth herein.

62. Defendants owed a duty to Plaintiff to protect him from foreseeable dangers within the living conditions provided by the (IDOC) Staff and employees.

63. Defendants breached their duties by ignoring the dangers to Plaintiff, failing to act to eliminate or dispel the dangers to Plaintiff posed by being confined in condemn cells during minus double-digit below zero temperature and other prison conditions, deliberately perpetuating dangerous conditions, ignoring or denying Plaintiff's grievances without any basis in law or fact, and failing to provide Plaintiff somewhat decent living conditions.

64. Defendants acted with knowledge that their conduct posed a high probability of serious physical harm to Plaintiff, and thus breached their duties willfully and wantonly.

65. By breaching their duties to Plaintiff, Defendants actually and proximately caused the threat upon Plaintiff life. The threat Plaintiff faces in his living conditions were reasonably foreseeable consequences of the named Defendants' acts and omissions.

WHEREFORE, Plaintiff respectfully request the following Relief;

a. General damages against each Defendant, jointly and severally, in an amount not less than $1 20,000,00 each.

b. An award of punitive damages against each individual Defendant in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct;

c. Attorney's fees, cost and expenses as authorized by 42 U.S.C. §1988 and as otherwise authorized by statute or law;

d. A permanent injunction prohibiting Defendants from retaliating against Plaintiff for exercizing is rights in any of the manners described herein and requiring Defendants to provide Plaintiff somewhat decent living conditions;

E. Any other relief that this court may deem just and proper.

Dated: 11-30-15

Respectfully submitted,

Reginald Lare
Plaintiff

Dated: 11-30-15

Respectfully Submitted.

Reginald Love

Reginald Love   K-51286

Stateville Correctional Center

Box 112

Joliet, IL. 60434

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged upon information and belief, and, as to those, I believe the same to be true. I certify under penalty of perjury that the foregoing is true and correct.

executed by me at **Stateville** , Illinois
on this **11** day of **30** , **15** .

Reginald Love

Reginald Love

Exhibit C

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| Date: Jan. 14, 2014 | Offender: (Please Print) L. Love | ID#: K51286 |
|---|---|---|
| Present Facility: Stateville | | Facility where grievance issue occurred: Stateville correc |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify) living conditions

- [ ] Disciplinary Report: ____/____/____
  Date of Report              Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On Jan. 3, 2014 an arctic freeze and dangerous cold covered the Mid West and I was left from Jan. 3, 2014 until Jan 10, 2014 in complete frigid killer cold inside cell 224 of F House. My bath towel was stripped in shreds and put in the window frames where the window would not close shut but rattle as the wind blew and allowed the cold in. A plastic bag was taped (using the label off a "Speed Stick" deoderant bottle) to the wall and then a towel using pieces of my sheet was tied to the bars in front of the plastic bag. I mean or caked-on ice still penstrated ice 2½ inches inside the cell along the back wall of the window structure where the windows were covered in heavy frost. The killer arctic cold

**Relief Requested:** Some-what decent living conditions ...

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| R. Love | K51286 | 1/14/14 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** |
|---|

Date Received: 1/22/14    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: inmate may advise security staff of malfunctions within her cell so that a work order can be completed if necessary. The unit is sprayed for bugs on a monthly base. Inmate is advised to keep food items covered and put away in order to avoid unnecessary infestation.

| C. Harris | C. Harris | 1/23/14 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

| **EMERGENCY REVIEW** |
|---|

Date Received: ____/____/____    Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| | ____/____/____ |
|---|---|
| Chief Administrative Officer's Signature | Date |

Distribution: Master File; Offender                    Page 1                    DOC 0046 (8/2012)

Printed on Recycled Paper

State of Illinois )
Will County )

Declaration of
Robert Womack, B-4104

Robert Womack B-4104 Hereby declares:

While in Stateville Correctional Center from January 3, 2014 until January 10, 2014 during an arctic freeze and dangerous cold, I was in cell 223 of F. house where I had to use towels torn to sheets and put in the window frame because the windows let in ventilation; plastic bags would have to be taped over the window area and blankets were tied to the bars with string, but it did not prevent layers of ice, bitter arctic cold and frost from covering the inside walls, complete cell and windows respectively. A small heater two inches from the wall beneath a double counter-top did nothing to hold the storm outside the cell, where: Jan. 3rd -27 below; Jan. 4th - 22 below; Jan. 5th - 14 below; Jan. 6th - 11 below; Jan. 7-7 below; Jan. 8th -1 below; Jan. 9th 10 degrees and Jan. 10th 19 degrees. Sargeant John Sievers and Lieutenant Ronald Williams were both timely made aware of these conditions during the arctic storm and I know of them doing nothing. During the several months I was confined in F. house of 2013 and 2014 the cell had a massive infestation of cockroaches, coming from the light fixtures, electrical outlet, double counter-top and bed structure. With the most assured way to kill by using a discarded potato chip bag with grease and the residue of crumbs which entices hundreds to be flushed down the toilet because exterminating is done numbe times a year.

I declare under penalty of perjury that the foregoing is true and correct.

executed at Joliet, Illinois on 2-16-14.

Womack
B-4104

State of Illinois)
Will County    )

Exhibit 3-2

Declaration of
Pierre White # R62755

I Pierre White # R62755 hereby declares:

while in Stateville Correctional Center from January 3, 2014 until January 10, 2014 during an arctic freeze and dangerous cold, I was in cell F221 of F House where I had to use towels torn to sheets and put in the window frame because the windows let in ventilation; plastic bags would have to be taped over the window area and blankets were tied to the bars with string, but it did not prevent layers of ice, bitter arctic cold and frost from covering the inside walls, complete cell and windows respectively. A small heater two inches from the wall beneath a double counter-top did nothing to hold the storm outside the cell, whereas Jan. 3rd -27 below; Jan. 4th -22 below; Jan. 5th - 14 below; Jan. 6th - 11 below; Jan. 7 -7 below; Jan. 8th -1 below; Jan. 9th 10 degrees and Jan. 10th 19 degrees. Sargeant John Sievers and Lieutenant Ronald Williams were particularly made aware of these conditions during the arctic storm and I know of them doing nothing. During the several months I was confined in F House of 2013 and 2014 the cell had a massive infestation of cockroaches, coming from the light fixture, electrical outlet, double-counter-top and bed structure. With the most assured way to kill by using a discarded potato chip bag with grease and the residue of crumbs which entices hundreds to be flushed down the toilet because exterminating is done maybe twice a year.

I declare under penalty of perjury that the foregoing is true and correct.

executed at Joliet, Illinois on January 16, 2014
Pierre White # R62755
by

RESPONSE TO COMMITTED PERSON'S GRIEVANCE

Exhibit D

D 343

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: 2/4/14 | Date of Review: 7/7/14 | Grievance # (optional): 384 |
| Committed Person: Reginald Love | | ID#: K51286 |

Nature of Grievance: Conditions - Cell

Facts Reviewed: Grievant claims the window in cell F224 is broken and his cell his freezing. He also claims that there are cockroaches everywhere.

Per Unit Major, the window is broken and a work order has been submitted. Per maintenance, windows will be repaired when time allows. All units must be kept at a certain temperature and are checked regularly throughout the cold months. The unit is sprayed for bugs on a monthly basis.

Grievant was moved to cell D543 on 7/2/14.

Recommendation: **No action at this level at this time.**

Anna McBee, CCII
Print Grievance Officer's Name

Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | | |
|---|---|---|---|
| Date Received: 7/7/14 | ☒ I concur | ☐ I do not concur | ☐ Remand |

Comments:

Terry Williams U8 7/8/14

Chief Administrative Officer's Signature                     Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

| Committed Person's Signature | ID# | Date |
|---|---|---|

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: _Love_ _____ _Reginald_ _____ ____ _KS1286_
              Last Name                    First Name            MI        ID#

Facility: _Stateville CC_ _____

☑ Grievance: Facility Grievance # (if applicable) _____ Dated: _3/11/14_  or ☐ Correspondence: Dated: _____

Received: _3/13/14_ Regarding: _Grievance process_ _____
          Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☑ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:  Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL   62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL   62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____.
                                                    Date

☐ No justification provided for additional consideration.

**Other** (specify): _____
_____

Completed by: _____Debbie Knauer_____     _Debbie Knauer_ (signature)     _4/21/14_
                      Print Name                    Signature              Date

Distribution:   Offender            *Printed on Recycled Paper*            DOC 0070 (Rev.4/2013)
                Inmate Issues



Exhibit A

**Illinois**
Department of
**Corrections**

**BRUCE RAUNER**
Governor

**S.A. GODINEZ**
Acting Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: _Love, Reginald_     Date: _1/27/15_

Register # _K51286_

Facility: _Stateville CC_

This is in response to your grievance received on _7/17/14_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _1/14/14_  Grievance Number: _384_  Griev Loc: _Stateville CC_

○ Transfer denied by the Facility or Transfer Coordinator

○ Dietary _____

○ Personal Property _____

○ Mailroom/Publications _____

○ Assignment (job, cell) _____

○ Commissary _____

○ Trust Fund _____

∅ Conditions (cell conditions, cleaning supplies)

○ Disciplinary Report dated _____
Incident # _____

○ Other _____

Based on a review of all available information, this office has determined your grievance to be:

○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

○ Denied, in accordance with DR504F, this is an administrative decision.

∅ Denied, this office finds the issue was appropriately addressed by the facility Administration.

○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

○ In addition, property items are to be disposed of in accordance with DR501C.

○ Other: _____

○ Denied as the facility is following the procedures outlined in DR525.

○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

○ Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

FOR THE BOARD: _Debbie Knauer_     CONCURRED: _____
Debbie Knauer
Administrative Review Board

S.A. Godinez
Acting Director

1/30/15

CC: Warden, _Stateville_ Correctional Center
_Love, Reginald_, Register No. _K51286_